CHANCERY.

# Thomas *vs* Wyatt.

ERROR TO THE MONTGOMERY CIRCUIT.

*Case 36.*          *Vendor and vendee.   Lien.   Assignments.*

*Oct. 7.*     JUDGE BRECK delivered the opinion of the Court.

Case stated.     IN 1840, McCormick sold to Jeffries about ninety four acres of land, for $1295, for which the latter executed his note, payable in June 1841, and the former gave his obligation for a conveyance.

On the 12th February 1842, Wyatt being the security for McCormick, upon a note to Turner for $400, besides interest, M'Cormick assigned four hundred and odd dollars of Jeffries' note to Wyatt, for the payment of the note to Turner.   On the 14th February, Jeffries took up the note for $1395, and gave in lieu thereof, two notes to McCormick, one for $466 66, and the other for $1000. These notes were dated on the same day, and payable at the same time as the note for $1395.   McCormick assigned the note for $466  66, to Wyatt, the assignment bearing same date, 12th February, as the assignment upon the original note.

Thomas, holding a note upon McCormick, and Jeffries as his security, for about a thousand dollars, on the same day that Jeffries gave the two notes and took up his original note, exhibited his bill in Chancery against them, and obtained an attachment upon the land sold by McCormick to Jeffries.

In March 1842, Thomas obtained also a judgment at law upon his note, and on the same day Wyatt obtained a judgment against Jeffries, upon the note for $466 66.   On the 8th March, Thomas procured an execution to issue upon his judgment, and had it levied upon the 95 acres of land, sold by McCormick to Jeffries.

In this state of things, Wyatt exhibited his bill in Chancery against McCormick, Jeffries and Thomas, setting forth his claim, and asserting a prior lien upon the land; that Thomas had sued out an execution and caus-

ed it to be levied upon the land, and would proceed to sell, unless restrained, &c., and prayed for an injunction to restrain the sale.

Process was served upon Thomas on the 19th March, and on the same day, the complainant discontinued his suit, as to him. On the 4th April following, all the title and interest of McCormick and Jeffries in the land, were sold under Thomas' execution, and Thomas became the purchaser, at the price of $20, Jeffries having surrendered to the Sheriff his interest to be levied on and sold under the execution.

Thomas, in virtue of his purchase, and by some arrangement with Jeffries, obtained possession of the land, and by an amended bill, is again made a party to the suit of Wyatt, and brought before the Court.

McCormick answers, and admits substantially, the allegations of Wyatt's original and amended bills. He makes his answer a cross bill against Jeffries, and prays for a sale of the land, and that after satisfying the claim of Wyatt, the note which he holds upon Jeffries for $1000, the residue of the purchase money may also be discharged out of the proceeds of the sale.

Jeffries denies, in his answer, that Wyatt has any priority of lien upon the ninety five acres of land, as assignee upon the note for $466 66, over the note for $1000, for the residue of the purchase money. That it was agreed between him and McCormick, that if he had to pay the note which Thomas held upon them, that it was to be in discharge of the $1000 note, and that a memorandum to that effect was appended to the note. Thomas insists that he obtained a lien upon the land in virtue of his attachment, which is prior to the lien of Wyatt, and he refers to the record and proceedings in his suit in Chancery and at law against McCormick and Jeffries, and to the execution under which he had purchased the land.

The Court decreed a sale of the land, or so much thereof as would discharge the note held by Wyatt, and to reverse that decree, Thomas prosecutes this writ of error.

The first question for consideration is, whether Thomas or Wyatt has the prior lien upon the land.

THOMAS
*vs*
WYATT.

The assignment of a note or part of a note given for land, is *pro tanto* a transfer of vendor's lien, and the execution by the pur, chaser of a new note does not change the lien.

It does not very satisfactorily appear whether the at tachment of Thomas was in the hands of the officer be fore or after Jeffries had taken up his note for $1395, and had executed the two notes in lieu [thereof. Nor, whether before or after the assignment of the smaller note by McCormick to Wyatt. But in reference to the priori- ty of lien, we do not deem that matter at all important. The assignment by McCormick to Wyatt, of four hun- dred dollars and upwards, upon the original note of Jef- fries, we are satisfied, was made on the 12th February, and we think it is sustained by the testimony, as a valid transfer of that much of the note or debt due from Jef- fries to McCormick. The transfer was made to indemni- fy Wyatt as security for McCormick upon the note to Turner. The interest thereby vested in Wyatt was not to any extent impaired by the subsequent transaction, in which Jeffries took up the original note and gave the two notes in lieu thereof. The note which Wyatt obtained on the 14th February, was merely evidence in a different form, of the interest which had been transferred to him on the 12th; and there was no fraud nor impropriety in making the note bear the same date as the original note, nor in dating the assignment so as to correspond with the assignment thereon.

Wyatt, therefore, holds the note as if executed and as- signed to him on the 12th February, and the lien, which he thereby acquired upon the land, is not affected by the attachment of Thomas, of the 14th.

To what extent the note thus held by Wyatt, was a lien upon the land, is the next question for considera- tion.

The whole of the note for $1395, operated as a lien upon the land for which it was given. When the two notes were substituted for the one, each in like manner operated as a lien, and each would be entitled to a rata- ble proportion of the proceeds of the sale of the land, if insufficient for the payment of both. And, upon that hypothesis, the assignment of the note by McCormick to Wyatt, only carried with it a ratable share of the lien. See *McClanahan, &c.* vs *Chambers*, (1 *Monroe*, 43,) *Broadwell* vs *King*, (3 *B. Monroe*, 449.)

It is true, as against the assignor, a Court of Equity might, in enforcing the lien, decree the payment of the note in full out of the land, although insufficient for the discharge of the whole amount of the purchase money, provided the obligor had been prosecuted by the assignee with due diligence to insolvency. But it would not be upon the principle that the assignee acquired a lien to that extent; but upon the ground, that the assignor was personally responsible by his assignment, and the Chancellor having jurisdiction of the case, and the control of the fund, would settle the whole matter, instead of turning out the assignee to seek his remedy at law against the assignor, for any deficiency which might not be realised in virtue of the lien. But as the other note remains in the hands of McCormick, who waives his lien thereby in favor of Wyatt, or postpones it till the whole of Wyatt's claim is discharged, it is insisted that the decree is right. Of this there can be no question, unless the purchase or attachment of Thomas should interpose an obstacle.

By the purchase under execution, Thomas acquired the legal title of McCormick, and the equitable title of Jeffries to the land, subject to the existing lien upon it for the purchase money. But he acquired no right to *that*, and his purchase, therefore, opposes no obstacle to the decree.

But his attachment was levied upon the land before the exhibition of Wyatt's bill, and as it is against both McCormick and Jeffries, it reaches the absolute and entire interest in the land, subject only to the existing lien of Wyatt, in virtue of his note, which, as we have seen, extends only to a rateable share of the proceeds, if insufficient for the payment of both notes; and as the attachment seems to have been undisposed of and in full force at the rendition of the decree, it seems to us that the Court below erred in decreeing a sale of the land for the whole amount of Wyatt's claim. The Court should have consolidated the two suits, and in the event the attachment of Thomas had been sustained, should have decreed a sale of the land; and if the proceeds were inadequate to the discharge of the claims of both Wyatt and Thomas, such portion of the proceeds only, should be decreed to Wyatt, as his claim bears to the whole amount of the

' Thomas
*vs*
Wyatt.

Might not the assignee of a note for part of the price of a tract of land sold be entitled to the entire satisfaction of his note, where the land was insufficient to pay the price? Qu.

On a bill filed by the assignee of a vendor of a note for part of the price of a tract of land sold, to subject it to his lien, and an attachment against vendor and vendee to subject the land to the satisfaction of the demand of a third person against them joint! ly, the suits should be consolidated, and a *pro rata* distribution of the proceeds between the assignee of the vendor and the creditor of vendor and vendee.

purchase money remaining unpaid. But if the attachment should not be sustained, then Wyatt should be decreed the entire amount of his demand.

We are also of opinion, as the assignment made by McCormick to Wyatt was for the payment of Turner's debt, that he should have been made a party to Wyatt's suit, and upon the return of the cause, he should be brought before the Court.

If, as insisted by Jeffries, there was a mistake in drawing the two notes given by him in place of his original note, as to the amount or interest, the mistake should be corrected, but the correction should be so made as to operate upon the note retained by McCormick, instead of the one assigned to Wyatt, or the latter should not be so reduced as not to leave an amount sufficient to cover the debt of Turner.

The decree is reversed and the cause remanded for further proceedings, consistent with the principles of this opinion.

*Apperson* for plaintiff: *Peters* for defendant.