GARVIN BELL & Co. *v.* O. L. GARDNER.

**Vendor and Purchaser—Lien.**

A vendor of lands holds a lien for each unpaid installment, and this lien attaches to each note, and if assigned, the assignee gets the pro rata lien of the vendor to said note, and priority does not depend on the date of assignment.

APPEAL FROM GRAVES CIRCUIT COURT.

December 2, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Whatever may have been the elementary rule and its philosophy it has now by a series of adjudications in this State been determined that as the vendor of land holds a lien upon the land sold for each unpaid installment that this lien attaches to each note and therefore when assigned each assignee gets the *pro rata* lien of the vendor to said note, and that priority does not depend on the date of assignment for this cannot determine or terminate the *pro rata*

lien passing by the assignment to each assignee. *McClanahan vs. Chambers, 1 Mon., 43; Broadwell vs. King, 3 B. Mon. 449, Thomas vs. Wyatt, 5 B. Mon., 132.*

This rule is now too inveterate to be altered.

Wherefore, the judgment is reversed, with direction to allow these parties a *pro rata* part of the proceeds of the land on which their respective claims have a lien.

*Anderson, Tice,* for appellant.

*Bradley & Rodman,* for appellee.